UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-21291

ANTONIO MEDINA, and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

ABUELITOS FELICES II ALF, INC., LIZANDRA ALCANTARA, OMAIDA GONZALEZ,

    Defendants.

_____/

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

COME NOW, Defendants, ABUELITOS FELICES II ALF, INC. ("ABUELITOS"), LIZANDRA ALCANTARA, OMAIDA GONZALEZ, by and through their undersigned attorney, hereby file their Answer to the Complaint and Affirmative Defenses, and contend as follows:

    1.    Admitted that Plaintiff purports to bring a claim under the Fair Labor Standards Act. Denied that Plaintiff is entitled to any recovery.

    2.    Admitted.

    3.    Paragraph 3 sets for allegations concerning venue which require no response. To the extent a response is required, it is admitted that ABUELITOS regularly transacts within Dade County and that ABUELITOS employed the Plaintiff. All other allegations are denied.

    4.    Admitted.

    5.    Admitted that ALCANTARA is a corporate officer of ABUELITOS. All other allegations are denied.

6. Admitted that GONZALEZ is a corporate officer of ABUELITOS. All other allegations are denied.

## COUNT I – OVERTIME WAGE VIOLATION

7. Admitted that Plaintiff purports to bring a claim under the Fair Labor Standards Act. All other allegations are denied.

8. Admitted the court has original jurisdiction over FLSA cases. All other allegations are denied.

9. Denied.

10. Admitted that Plaintiff worked for Defendants. All other allegations are denied.

11. Denied.

12. Denied.

13. Denied.

14. Paragraph 14 sets forth legal citations which require no response. To the extent a response is required, it is admitted the quoted language appears within the citation.

15. Admitted.

16. Denied.

17. Paragraph 17 sets forth legal citations which require no response. To the extent a response is required, it is admitted that the FLSA contains promulgations concerning the sleep period.

18. Denied.

19. Denied.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's claim and grant any other relief this Court deems just and proper.

## COUNT II: FEDERAL MINIMUM WAGE VIOLATION

Defendants incorporate all responses to paragraphs 1 through 19 set forth above and further state as follows:

20. Denied.

21. Denied.

22. Denied.

23. Denied.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's claim and grant any other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

24. Plaintiff's claim is partially barred, or should be reduced by the applicable statute of limitations period as none of Defendants' actions were "willful", as said term is defined by the Fair Labor Standards Act,

25. This action is barred or limited by 29 C.F.R. § 785.47, the *de minimis* doctrine.

26. Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

27. Any hours worked beyond Plaintiff's compensated workweek were unauthorized and performed without Defendants' actual or constructive knowledge.

28. Any claim for overtime compensation by Plaintiff must be off-set by any premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

29. The regular rate cannot be computed based upon and overtime compensation cannot be recovered by Plaintiff for periods of time during which they performed no work, including vacation and/or sick leave, worker's compensation leave, or were otherwise absent from the workplace during that week, including during holidays, missing meetings and other functions attended voluntarily.

30. Any acts or omissions with regard to its pay practices of Plaintiff were taken in good faith upon a reasonable belief that such pay practices complied with the FLSA; accordingly, liquidated damages are not appropriate.

31. Defendant LIZANDRA ALCANTARA's liability is derivative to that of the corporation. The corporate Defendant is not liable to the Plaintiff, and thus, the individual Defendant is not liable to the Plaintiff.

32. Defendant OMAIDA GONZALEZ' liability is derivative to that of the corporation. The corporate Defendant is not liable to the Plaintiff, and thus, the individual Defendant is not liable to the Plaintiff.

33. Defendants is entitled to a cost credit based upon the reasonable costs of various benefits conferred to the Plaintiff, including but not limited to room and board, utilities, and meal costs.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Electronic Filing generated by CM/ECF to Jamie H. Zidell, Esq. K. David Kelly, Esq., Bruno A. Garofalo, Esq., Natalie A. Staroschak, Esq., on this 28th day of April, 2017

Dated: April 28, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Defendants*
20801 Biscayne Blvd., Suite 403
Aventura, Florida 33180
Tel: (786) 923-5899
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013


Mamane Law LLC
*Co-counsel for Defendants*
1150 Kane Concourse, Second Floor
Bay Harbor Islands, FL 33154
Telephone (786) 704 - 8898
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561