UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-21291-CIV-GAYLES/OTAZO-REYES

ANTONIO MEDINA, and all others similarly )
situated under 29 U.S.C. 216(b), )
                       Plaintiffs, )
vs. )
ABUELITOS FELICES II ALF INC.,
LIZANDRA ALCANTARA,
OMAIDA GONZALEZ, )
                       Defendants. )
_____ )

**JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, Antonio Medina, and Defendants Abuelitos Felices II ALF, Inc., Lizandra Alcantara and Omaida Gonzalez, by and through undersigned Counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice with the Court to retain jurisdiction to enforce the parties' settlement agreement and respectfully state as follows:

1. Plaintiff and Defendants have reached an amicable resolution in this matter. As the agreement calls for confidentiality, a copy of said agreement has been emailed to chambers for review and approval.

2. Plaintiff filed a complaint [D.E. 1] under the Fair Labor Standards Act (FLSA) whereby Plaintiff alleged that he was not properly paid his overtime and minimum wages.

3. At the July 21, 2017 status conference, Plaintiff's counsel advised the Court that they intended on amending the complaint to bring an additional count under the Florida Minimum Wage Act (FMWA).

4.      Defendants dispute Plaintiff's allegations and contend that Plaintiff was paid in accordance with the FLSA and FMWA and further contend that Plaintiff failed to give Defendants a cost credit for any room and board provided by Defendants to Plaintiff. Furthermore, Defendants contend that Plaintiff worked far fewer hours than alleged in the complaint and that no credit was provided for days that Plaintiff missed work, including Plaintiff hiring a third individual to perform his duties while he traveled outside of the country.

5.      Based on said Defenses, Defendants contend that Plaintiff is more than being fully compensated for any overtime, minimum wages and liquidated damages that may have been owed to Plaintiff; but agree to resolve this case for the said amounts to minimize accumulation of additional costs and fees defending this matter Likewise, Plaintiff recognizes the risks and additional expenses involved in continuing litigation of this matter, and agrees to resolve this case for less than he claims would have been owed to him for his damages, liquidated damages, fees, and costs, had he prevailed.

6.      Lastly, for peace of mind, the parties have agreed to enter into a mutual general release as part of the settlement.

7.      The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

### Memorandum of Law

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair

and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc.* at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In the present case, Defendants contest Plaintiff's claim for the reasons outlined above. However, in order to avoid the uncertainties of litigation, Defendants made an economic business decision to amicably resolve this matter.

Therefore, based on Defendants' contestation, the amount of wages, if any, are in dispute. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties settlement agreement.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiff in this settlement is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiff could have received far less, or nothing at all, and therefore is receiving more pursuant to the settlement agreement. Furthermore, pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice and agree each party shall bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.

The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement and (2) dismissing this action with prejudice against Defendants, with the Court to maintain jurisdiction to enforce the terms of the settlement agreement.

Respectfully Submitted,

| | |
|---|---|
| Dated: 7/07/17 | Dated: 7/07/17 |
| J.H. Zidell, P.A. | Daniel T. Feld, P.A. |
| Attorney for Plaintiff | Attorney for Defendants |
| 300 71st Street, Suite 605 | 2847 Hollywood Blvd. |
| Miami Beach, Florida 33141 | Hollywood, Florida 33020 |
| Tel: (305) 865-6766 | Tel: (305) 308-5619 |
| Email: Zabogado@aol.com | Email: DanielFeld.Esq@gmail.com |
| By: /s/ *K. David Kelly* | By: /s/ *Daniel T. Feld* |
|    K. David Kelly, Esq. |    Daniel T. Feld, Esq. |
|    Florida Bar Number: 0123870 |    Florida Bar Number: 0037013 |